UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHERYL A. MONTANARI<br>　　　　Plaintiff<br><br>vs.<br><br>BLAIRE HOUSE OF MILFORD; ESSEX<br>GROUP MANAGEMENT CORP.<br>THOMAS SULLIVAN, alias; and<br>MAUREEN GULINO, alias<br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)   C.A. No.<br>)<br>)   04-40012<br>)<br>)<br>)<br>) |

**VERIFIED NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C.§1441(b) [FEDERAL QUESTION: 28 U.S.C. § 1331]**

TO:　　THE CLERK OF THE UNITED STATES DISTRICT COURT
　　　　DISTRICT OF MASSACHUSETTS

**PLEASE TAKE NOTICE** that the defendants, BLAIRE HOUSE OF MILFORD, ESSEX GROUP MANAGEMENT CORP., THOMAS SULLIVAN, alias; and MAUREEN GULINO, alias (collectively, "Defendants") hereby remove to this Court the action described below:

1. On or about December 30, 2003, Plaintiff, Cheryl A. Montanari ("Montanari"), filed a Complaint in the Superior Court of the Commonwealth of Massachusetts in and for Worcester County, entitled *Cheryl A. Montanari v. Blaire House of Milford; Essex Group Management Corp., Thomas Sullivan, alias; and Maureen Gulino, alias*, Worcester Superior Court, Civil Action No. 2003-2473-B.

2. A true and correct copy of the Complaint is attached hereto and incorporated herein by this reference as ***Exhibit A***.

1

3. Plaintiff filed her action in Superior Court but did not serve it on any defendants. On or about December 30, 2003, counsel for defendants received a "courtesy copy" of the Complaint from Montanari's attorney indicating that the Complaint had been filed in Worcester Superior Court. A true and correct copy of the letter from Montanari's attorney dated December 30, 2003 is attached hereto as ***Exhibit B.***

4. The Complaint alleges violations under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq.* among other things. As such, this Court has original jurisdiction pursuant to 28 U.S.C. §1441(b).[1] In addition, this Court has jurisdiction pursuant to 28 U.S.C. §1331.[2]

5. Defendants are informed and believe that no defendant has been served with a Summons or Complaint.

Respectfully Submitted,

Defendants,
By their attorney,

_____
Valerie S. Carter
BBO No. 545412
CARTER & DOYLE LLP
530 Atlantic Avenue
Boston, MA  02210
617-348-0525
vcarter@carterdoyle.com

---

[1] 28 U.S.C. §1441(b) provides that "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

[2] 28 U.S.C. §1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

DATED:  January 22, 2004

CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2004 a true copy of the above document was served upon the attorney of record for each other party by mail, postage prepaid.

_____<br>Valerie S. Carter, Esq.

## VERIFICATION

DEBORAH KLOCK, President of Claflin Hill Corporation d/b/a Blaire House of Milford and Essex Group Management Corp. being first duly sworn, confirms that she has read the foregoing verified notice of removal of this action under 28 U.S.C. § 1441(b) and 1331 and knows the contents thereof and that the same are true, except as to those matters stated herein on information and belief, and as to such matters she believes them to be true and that she is duly authorized to sign the document.

_____
Deborah Klock

Subscribed and sworn to before me this ___20TH___ day of January, 2004 in ___Rowley___, Massachusetts.

_____
Notary Public
My Commission Expires: 4/12/07

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                   SUPERIOR COURT
                                                 CIVIL ACTION NO. 2003-2473-B

CHERYL A. MONTANARI            )
        Plaintiff              )                              **EXHIBIT A**
                               )
                               )
        vs.                    )
                               )
BLAIRE HOSUE OF MILFORD;       )
ESSEX GROUP MANAGEMENT GROUP   )
THOMAS SULLIVAN, alias; and    )
MAUREEN GULINO, alias          )
        Defendants             )
_____)

## COMPLAINT
### I. Introductory Statement

1.   This is an action brought by the Plaintiff, Cheryl A. Montanari, seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy the unlawful discrimination in employment the Plaintiff suffered on account of her disability and gender in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§12101, et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, et seq., and the Massachusetts Fair Employment Practices Act ("FEPA"), M.G.L.A. c. 151B §1 et seq.

### II. Parties

2.   The Plaintiff, Cheryl A. Montanari, is a female who resides in the Town of Blackstone, County of Worcester, Commonwealth of Massachusetts, and was formerly employed by Defendant Blaire House of Milford ("Blaire House").

3.   Defendant Essex Group Management Corp ("Essex") is a corporation duly organized pursuant to the laws of the Commonwealth of Massachusetts, with its principal place of business in the Town of Rowley, County of Essex, Commonwealth of Massachusetts.

4. Defendant Blaire House is a corporation duly organized pursuant to the laws of the Commonwealth of Massachusetts, with its principal place of business located in the Town of Milford, County of Worcester, Commonwealth of Massachusetts, and is owned and/or operated by Defendant Essex.

5. Defendant Thomas Sullivan ("Sullivan"), alias, was, at all relevant times herein, employed by Defendant Blaire House as Executive Director.

6. Defendant Maureen Gulino ("Gulino"), alias, was, at all relevant times herein, employed by Defendant Blaire House as the Adult Day Care Director and was Plaintiff's immediate supervisor.

### III. Jurisdiction

7. The monetary amount claimed herein is sufficient to establish the jurisdiction of this court.

### IV. Venue

8. Venue is proper in this Court insofar as the Defendants maintain a principal place of business within the County of Worcester, Commonwealth of Massachusetts, and conduct business operations within Worcester County.

### V. Exhaustion of Administrative Remedies

9. On or about January 16, 2002, the Plaintiff filed a charge alleging sex and disability discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Massachusetts Commission Against Discrimination ("MCAD").

10. On or about September 11, 2003, more than ninety (90) days since the filing of the charge under the FEPA, the Plaintiff filed a Private Right of Civil Action Request with the MCAD.

11. On or about September 25, 2003, the MCAD issued a Notice of Private Right to Civil Action to the Plaintiff.

## VI. Material Facts

12. Defendant Blaire House operates a senior adult day health care and rehabilitation center that is owned and/or operated by Defendant Essex.

13. On or about May, 1989, the Plaintiff was hired by Defendant Blaire House as a Certified Nursing Assistant ("CNA")/adult activity aid.

14. During all relevant time periods, Defendants Sullivan and Gulino, the Plaintiff's supervisors, had knowledge that the Plaintiff was disabled and was attempting to become pregnant.

15. In fact, on or about April, 2000, the Plaintiff had a lengthy discussion with Defendant Gulino, wherein the Plaintiff discussed her concerns about taking medication for anxiety and depression and Defendant Gulino suggested to her that she talk to a nurse employed by Defendant Blaire House regarding the medication.

16. On or about April, 2000, the Plaintiff requested an accommodation from Defendant Sullivan for her disability, wherefore her driving responsibilities could be temporarily suspended.

17. In response to this request for an accommodation, Defendant Sullivan required the Plaintiff to provide medical documentation to support her disability and her need for an accommodation, to which the Plaintiff produced a written doctor's note, dated June 6, 2001, documenting Plaintiff's disability and stating that her driving duties should be restricted.

18. The above-cited facts clearly demonstrate that Defendants Gulino and Sullivan were specifically advised of Plaintiff's disability and her need for an accommodation.

19. Both Defendants Sullivan and Gulino were also well aware of the Plaintiff's attempts to become pregnant.

20. Specifically, Defendant Gulino allowed the Plaintiff to start her work day at a later time, so she could obtain fertility treatment, and, when the Plaintiff became pregnant, Defendant Gulino would often reassure her that the pregnancy would be fine.

21. In or about the spring of 2001, while pregnant, the Plaintiff became so ill at work, that Defendant Gulino contacted the Plaintiff's husband and told him to come to the Blaire House because the Plaintiff was in great pain. The Plaintiff was transported by an ambulance from the Blaire House to the hospital. Subsequently, the Plaintiff had a miscarriage while at the hospital, and received flowers and well wishes from the staff at Defendant Blaire House.

22. The above course of events clearly illustrates Defendants Sullivan and Gulino had specific knowledge of the Plaintiff's attempts to becoming pregnant.

23. Beginning on or about May, 2001, and until her Family Medical Leave Act ("FMLA") leave on or about June, 2001, the Plaintiff was subjected to ongoing discrimination, including harassment and retaliation, due to her disability and gender.

24. Following Plaintiff's request for a reasonable accommodation under applicable statutory and case law, she was subjected to ongoing discrimination in the workplace, including changes in her work schedule and job duties.

25. Specifically, the Plaintiff's work hours were changed, which required her to come into work one half-hour earlier everyday to assist with the loading of patients into a van.

26. Defendant Gulino also advised the Plaintiff that since she was "unwilling" to drive the patient van, she would be required to accompany a driver and thereafter, unlike other drivers, would still be responsible for bathing the patients and completing the all of her other job duties.

27. On or about June 25, 2001, Defendants Sullivan and Gulino had a meeting with the Plaintiff, where Defendant Sullivan stated that Defendant Blaire House had added a new job—van

driver—to Plaintiff's job description, and, because of her impairment she could not perform this new assignment.

28. At the June 25, 2001 meeting, Defendant Sullivan told the Plaintiff that her doctor's note of June 6, 2001 precluded the Plaintiff from performing any of her job duties due to dizziness and drowsiness—a clear misinterpretation of the medical note.

29. Following this meeting, Defendant Sullivan placed the Plaintiff on an involuntary and unnecessary FMLA leave on or about June 25, 2001.

30. After leaving work on or about June 25, 2001, the Plaintiff contacted her doctor regarding the contents of the June 6, 2001 medical note, and was told that the note merely stated that driving would be unwise.

31. On or about June 26, 2001, Plaintiff's doctor issued a more detailed letter to Defendant Blaire House indicating that the Plaintiff was capable of performing her duties as a CNA, but that driving would be unwise.

32. Subsequently, the Plaintiff contacted Defendant Sullivan to discuss the June 26, 2001 medical note, and her interest and ability to return to work.

33. Defendant Sullivan informed the Plaintiff that she could not return to work, unless she was off her medication and would be willing to drive the patient van.

34. Finally, the Plaintiff was informed by Defendant Sullivan that if she did not get off her medication with the twelve (12) weeks of FMLA leave, that she could not have her job back.

35. Following Plaintiff's FMLA leave, on or about October 25, 2001, the Defendants offered the Plaintiff a purported "lateral position."

36. However, the position that the Defendants offered to the Plaintiff did not constitute a lateral change in position.

37. The position offered by the Defendants would have required the Plaintiff to work every other weekend and holidays, whereas the position the Plaintiff previously held did not require the Plaintiff to work any weekends or holidays.

38. Additionally, the position offered was solely a CNA position, whereas the Plaintiff's previous position required her to work only half-time as a CNA and half-time as an activities aide.

39. In addition to the discriminatory actions against the Plaintiff, Defendant Gulino also disclosed confidential medical information to other Blaire House employees.

40. Specifically, Defendant Gulino disclosed information to two (2) Blaire House co-employees regarding Plaintiff's doctor's notes, and stated to one of the co-workers that the Plaintiff had "hung herself with her doctor's note."

41. Further, the Plaintiff requested a maternity leave beginning in July, 2001 through October 14, 2001. This request was also reiterated in a letter sent by Plaintiff's attorney, dated August 2, 2001.

42. Defendants never responded to the aforementioned requests and deny that the requests were ever produced.

43. That, on or about October 26, 2001, due to the ongoing harassment and discrimination, the Plaintiff was constructively discharged from her position as CNA at Blaire House.

44. That the facts of this matter clearly establish that, in denying the Plaintiff a reasonable accommodation, changing her job duties and work hours, forcing her to take an unnecessary and undesired medical leave, ignoring her requests for maternity leave, and offering to reinstate her to an inferior position, Defendants discriminated against the Plaintiff in violation of the ADA, Title VII, and the FEPA.

45. That this conclusion is inescapable in light of the repeated efforts by Defendant Gulino to force the Plaintiff to drive the patient van, despite her repeated requests that she be relieved of driving responsibilities, and Defendant Sullivan's unreasonable and illogical interpretation of Plaintiff's doctor's notes, despite Plaintiff's express statements that she was otherwise fully capable to perform her job duties.

46. That by divulging personal and confidential medical information, refusing to provide the Plaintiff with a reasonable accommodation, forcing her to take a leave of absence, denying her request for maternity leave and ultimately, by constructively discharging her, Defendants violated the aforesaid provisions of federal and state law on account of Plaintiff's disability and her gender.

47. As a proximate result of the Defendants unlawful and/or discriminatory employment practices, including but not limited to those described herein, the Plaintiff suffered and will continue to suffer loss of income, including past and future salary, pension benefits, severe mental and physical anguish, pain, suffering and other great damage.

## VII. Claims for Relief

48. Plaintiff incorporates in each of the counts below the allegations set forth in ¶¶1 through 47 above.

### Count One

### Discrimination in Violation of 42 U.S.C. §§12101, *et seq.*

49. The acts and/or omissions of Defendants, including but not limited to those described herein, constitute unlawful employment discrimination on account of her disability in violation of the American with Disabilities Act, which have caused the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the ADA.

### Count Two

### Discrimination in Violation of 42 U.S.C. §2000e, et seq.

50. The acts and/or omissions of Defendants, including but not limited to those described herein, constitute unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, which have caused the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under Title VII.

### Count Three

### Unlawful Discrimination—M.G.L.A. c. 151B §1, et seq.

51. The acts and/or omissions of Defendants, including but not limited to those described herein, constitute unlawful discrimination against Plaintiff in employment on account of her sex in violation of the Fair Employment Practices Act, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the Fair Employment Practices Act.

### VIII. Prayers for Relief

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. Judgment in favor of the Plaintiff and against Defendants.
2. An award of compensatory damages.
3. An award of punitive damages.
4. Statutory interest and costs.
5. Such other and further relief as this Court deems just and proper.

### IX. Demand for Jury Trial

Plaintiff hereby demands a trial by jury.

Plaintiff,
Cheryl A. Montanari,
By her attorneys,

**SINAPI, FORMISANO & CO., LTD.**

Dated: December 22, 2003

*[signature]*

Louise A. Herman (#548995)
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 (facsimile)



**SINAPI**
**FORMISANO**
**& COMPANY, LTD.**
ATTORNEYS AT LAW

EXHIBIT B

RICHARD A. SINAPI
V. EDWARD FORMISANO

LOUISE A. HERMAN  ♦▲
GREGORY A. MANCINI  ▲
  *of counsel*

▲ *Massachusetts Bar*
♦ *New York Bar*

December 30, 2003

**VIA FACSIMILE**
Valerie S. Carter, Esq.
Carter & Doyle LLP
530 Atlantic Avenue, 3rd Floor
Boston, MA 02210

RE: <u>Cheryl A. Montanari v. Blaire House, et al.</u>

Dear Valerie:

Please find enclosed a courtesy copy of the complaint filed in Superior Court.

In the event your client is interested in mediation, kindly contact me at your earliest convenience. Otherwise, we will serve the complaint and commence with discovery.

I look forward to hearing from you in the near future.

Best wishes for the new year.

Very truly yours,

V. Edward Formisano

VEF/nlw
Enclosure

100 MIDWAY PLACE, SUITE 1 CRANSTON, RI 02920-5707 PH: (401) 944-9690 FX: (401) 943-9040 E: SPC@SPCLAW.COM
NEWPORT OFFICE: 451 BROADWAY NEWPORT, RI 02840 PH: (401) 841-9696

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

04-40012

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cheryl A. Montanari

**DEFENDANTS**
Blaire House of Milford, Essex Group Management Corp., Thomas Sullivan, alias, and Maureen Gulino, alias

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
V. Edward Formisano, Esq.
Sinapi Formisano & Company LTD, 100 Midway Pl.
Cranston, RI  02920

ATTORNEYS (IF KNOWN)
Valerie S. Carter, Esq.
CARTER & DOYLE, 530 Atlantic Avenue
Boston, MA  02210

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ | ☐ |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Complaint alleges violation of Disabilities Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 1/22/04
SIGNATURE OF ATTORNEY OF RECORD: Valerie S. Carter

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

04-40012

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Cheryl A. Montanari v. Blaire House of Milford__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐  NO ☐

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐  NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☒   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐  NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ____Valerie S. Carter, Esq.____
ADDRESS ____Carter & Doyle LLP  530 Atlantic Avenue  Boston, MA  02210____
TELEPHONE NO. ____617-348-0525____

(Coversheetlocal.wpd - 10/17/02)